UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SIMON QUINN**                                                                 **CIVIL ACTION**

**VERSUS**                                                                         **NO. 21-1779**

**TIM HOOPER, WARDEN**                                             **SECTION: "J"(3)**

### ORDER AND REASONS

Petitioner, Simon Quinn, a Louisiana state prisoner, was convicted of obstruction of justice, adjudicated a habitual offender, and sentenced as such to a term of fifty years imprisonment without benefit of probation or suspension of sentence.[1] That conviction, habitual offender adjudication, and enhanced sentence were affirmed by the Louisiana First Circuit Court of Appeal on March 27, 2019.[2] On September 9, 2020, the Louisiana Supreme Court affirmed the Court of Appeal's judgment,[3] and the United States Supreme Court then denied petitioner's related petition for a writ of certiorari on February 22, 2021.[4]

In September of 2021, petitioner, through counsel, then filed the instant federal habeas corpus application[5] and a motion requesting that this matter be stayed while he seeks post-conviction relief in the state courts.[6] The state opposed the motion to stay, but, in the alternative, "submit[ted] that a limited stay and abeyance would be appropriate" if it is "limited to only a

---

[1] Petitioner was also convicted and sentenced on a related charge of second degree murder; however, that conviction and sentence were reversed on appeal.
[2] State v. Quinn, 275 So. 3d 360 (La. App. 1st Cir. 2019).
[3] State v. Quinn, Nos. 2019-K-00647 and 2019-KO-00730, 2020 WL 5406137 (La. Sept. 9, 2020).
[4] Quinn v. Louisiana, 141 S. Ct. 1406 (2021).
[5] Rec. Doc. 1. The state concedes that the federal application was timely filed. Rec. Doc. 12, p. 10.
[6] Rec. Doc. 3.

reasonable time, no more than 30 days, to allow petitioner to exhaust his state court claims."[7] For the following reasons, a limited stay is hereby **GRANTED**.[8]

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court explained that, in limited circumstances, it is appropriate for a federal district court to stay habeas corpus proceedings. In Rhines, the petitioner had filed a federal habeas corpus application asserting several claims; however, the district court subsequently determined that some of those claims were unexhausted. In light of that determination, the petitioner moved the district court to hold his federal application in abeyance while he returned to the state courts to exhaust the unexhausted claims. The district court granted that motion and issued a stay conditioned upon the petitioner commencing state court exhaustion proceedings within sixty days and then returning to the federal court within sixty days of the exhaustion of his claims in the state courts. The state appealed that decision, and the United States Eighth Circuit Court of Appeals vacated the stay and remanded the case to the district court. However, the United States Supreme Court then granted certiorari and vacated the Court of Appeals' judgment. In doing so, the Supreme Court noted:

> Fourteen years before Congress enacted AEDPA, we held in Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims. We reasoned that the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims. Id., at 518-519, 102 S.Ct. 1198. We noted that "[b]ecause 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity." Id., at 518, 102 S.Ct. 1198 (quoting Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)). That doctrine "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with

---

[7] Rec. Doc. 11.
[8] A United States Magistrate Judge has the authority to grant a stay in federal habeas corpus proceedings. See, e.g., Pierre v. Cain, Civ. Action No. 15-5252, 2016 WL 1408581, at *1 n.1 (E.D. La. Apr. 11, 2016); Kang v. Cain, Civ. Action No. 15-2318, 2016 WL 866728, at *3 (E.D. La. Mar. 7, 2016).

concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" 455 U.S., at 518, 102 S.Ct. 1198.

Accordingly, we imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance. Id., at 522, 102 S.Ct. 1198. When we decided Lundy, there was no statute of limitations on the filing of federal habeas corpus petitions. As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease. See Slack v. McDaniel, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (dismissal without prejudice under Lundy "contemplated that the prisoner could return to federal court after the requisite exhaustion").

The enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. AEDPA preserved Lundy's total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, Duncan, 533 U.S., at 181-182, 121 S.Ct. 2120.

As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

We recognize the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike. In an attempt to solve the problem, some district courts have adopted a version of the "stay-and-abeyance" procedure employed by the District Court below. Under this procedure, rather than dismiss

3

> the mixed petition pursuant to Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

Rhines, 544 U.S. at 273-76.

The Supreme Court then held that the "stay-and-abeyance" procedure was permissible but cautioned that it should be employed only in limited circumstances:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan, *supra*, at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
> 
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
> 
> ….
> 
> … [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Lundy, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief").

Rhines, 544 U.S. at 277-78.

In the instant federal application, petitioner asserts five claims.[9] Of those claims, the state concedes that the first four are exhausted (because they were litigated in the direct appeal) but notes that the fifth claim (which is a claim that appellate counsel was ineffective) is unexhausted.[10] Therefore, this case, like Rhines, involves a "mixed" petition.

Additionally, petitioner had "good cause" for his failure to exhaust the ineffective assistance of counsel claim on direct appeal: Louisiana courts normally will not consider such claims on direct appeal. See State v. Truitt, 500 So. 2d 355, 359 (La. 1987) ("The appropriate avenue for asserting a claim of ineffective assistance of counsel is through postconviction relief, not by direct appeal.").

Moreover, while this Court does not express an opinion as to whether petitioner will ultimately be entitled to relief based on his unexhausted ineffective assistance of counsel claim, the state does not argue, and this Court has no basis on which to conclude, that the claim is "plainly meritless."

In light of those considerations, the undersigned finds that a stay is appropriate.

Nonetheless, as the state suggests, the stay should be a **limited** one. The motion to stay, which was filed in September of 2021, stated: "Counsel are currently in the process of preparing his state Application for Post Conviction Relief (PCR)."[11] The motion further observed that, under Louisiana law, that post-conviction application "must be filed on or before September 9, 2022."[12] Therefore, it appears that petitioner may be seeking a somewhat lengthy stay; if so, that is not warranted for the following reasons.

---

[9] Rec. Doc. 1, pp. 5-6.
[10] Rec. Doc. 11, p. 10.
[11] Rec. Doc. 3, p. 2.
[12] Rec. Doc. 3-1, 2.

The one-year federal deadline is not as generous as the two-year state deadline. Moreover, it would be inappropriate to allow a petitioner to circumvent – and effectively **double** – the federal limitations period simply by filing a "protective" federal application soon after his federal limitations commenced, obtaining a stay, and then pursuing his state remedies at a leisurely pace at any time within the state's more forgiving deadline. On the contrary, once a petitioner invokes his federal remedies, both the state and the federal courts have an interest in him pursuing relief with diligence and alacrity. Indeed, in Rhines, the United States Supreme Court expressly warned:

> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. … Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, *e.g.*, Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed").

Rhines, 544 U.S. at 277-78.

Here, direct review concluded more than a year ago. And although petitioner represented in September of 2021 that a state post-conviction application was "in the process of" being prepared, the state has noted that the application still had not been filed as of January 18, 2022.[13] Because petitioner has now clearly had ample time to prepare his post-conviction application, it is reasonable to require him to commence the state post-conviction proceedings within thirty days, if he has not already done so.

Accordingly,

---

[13] Rec. Doc. 11, p. 6.

6

**IT IS ORDERED** that petitioner's motion to stay, Rec. Doc. 3, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this action **CLOSED** for statistical purposes.

**IT IS FURTHER ORDERED** that petitioner is ordered to file his state post-conviction application with the state district court within **thirty (30) days**, if he has not already done so.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction in this matter and that petitioner is allowed to file a motion to reopen these proceedings within **thirty (30) days** after the exhaustion of his state court post-conviction remedies.

New Orleans, Louisiana, this \_\_7th\_\_ day of March, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**